GRAND PRAIRIE TOWNSHIP IN THE COUNTY OF PLATTE, PLAINTIFF IN ERROR, v. FREDERICK SCHURE, DEFENDANT IN ERROR.

Taxes:  ASSESSMENT OF PERSONAL PROPERTY:   EQUALIZATION. The personal property of S., on his farm, situate in the adjacent township to that of his residence and principal place of business, in B. township, where the same was listed for taxation under Sec. 9 of Chap. 77, revenue laws of 1886, was assessed by an order of the town board of equalization of the adjacent township —the plaintiff in error—which assessment was subsequently superseded by the action and order of the county board of equalization, under Sec. 70 of the same chapter, without a complaint in writing. *Held,* That the action of the county board was according to law.

ERROR to the district court for Platte county.    Tried below before POST, J.

*George G. Bowman,* for plaintiff in error.

*Sullivan & Reeder,* for defendant in error.

COBB, J.

This proceeding in error is brought from the district court of Platte county, to reverse a judgment against the

plaintiff in error on a petition to review the assessment of personal property.

The petition of the plaintiff in the court below sets up that it now is, and had been prior to June 10, 1886, a duly organized township of Platte county; that on said day the defendant's personal property in said township, having theretofore been duly assessed and returned for taxes by the legally authorized assessor of the township, the county board of supervisors, sitting as a board of equalization, caused the same to be stricken from the plaintiff's book of assessments and schedule of property, so assessed, without authority and due process of law; praying that the order of the board of county supervisors and equalization be annulled.

The district court dismissed the petition at the costs of the plaintiff in error, to reverse which the proceeding is brought to this court.

It appears from the record in the court below that, on June 5, 1886, the town board of the plaintiff served a notice on the defendant to appear June 7th, following, to show cause why his personal property in that town should not be assessed in that township.

To which the defendant answered: " I can not appear, I got to go to our town meeting; my property is assessed in Burrows township. See Sec. 9, page 490, Comp. Statutes."

The section cited provides: " When the owner of live stock, or other personal property connected with a farm, does not reside thereon, the same shall be listed and assessed in the county, township, or precinct where the farm is situated; *Provided,* If the farm is situated in several town-ships or precincts it shall be listed and assessed in the township or precinct in which the principal place of busi-ness on such farm shall be." Comp. Stat., Ch. 77, Sec. 9.

On the 7th of June the town board of plaintiff met, as a reviewing board, and the assessment of the personal

property of the defendant, amount $610, was approved,
and the proceedings recorded.

It also appears from the record in the court below that,
at a meeting of the county board of supervisors as a board
of equalization, on June 9th, following, that the defend-
ant having been assessed for personal property both in
Grand Prairie and in Burrows townships, it was ordered
that the personal property held by him in Grand Prairie
township be assessed in Burrows township, which was
recorded.

It is to be presumed, from the facts to be inferred from
the record, that the court below found that the defendant's
residence and principal place of business, as a farmer,
were in Burrows township, and not in the plaintiff's;
that the listing of defendant's personal property, under
the provisions of section 9, at his principal place of business,
was a legal obligation, and was his privilege; that the
plaintiff was given a sufficient notice of this fact, in de-
fendant's reply to the citation, prior to the plaintiff's order,
as a board of review, which order was therefore improvi-
dent.

To consider further the errors assigned by the plaintiff's
counsel in this case, it is not doubted that the law of 1886
authorized the plaintiff to sit, on the first Monday of June,
for the purpose of reviewing the assessment of property.
Its legal duty, in this instance, would seem to have been
the relinquishment of the defendant's assessment under the
section cited. When, therefore, that assessment assumed
the form of a *grievance*, and on the same day, or shortly
following, was represented as such before the county board
of supervisors, sitting as a board of equalization, that
board was authorized, under section 70 of the revenue law,
"to review the assessment and correct the same as shall
appear to be just."

Under the provisions of the above section, the county
board of any county, whether under township organiza-

tion or otherwise, has jurisdiction to correct an assessment made against a complainant, in an improper assessment district. If the same were original with the assessor, it is directly within the provisions of the section, but it is equally within the intent and meaning of the statute that the county board grants such relief—where the wrongful assessment has been made through the township board itself. The section provides: "On the application of any person considering himself aggrieved, or who shall complain that the property of another is assessed too low, they shall review the assessment and correct the same as shall appear to be just. No complaint that another is assessed too low shall be acted upon until the person so assessed, or his agent, shall be notified of such complaint, if a resident of the county. *Provided*, That in the counties under township organization that such application shall have been made to the town board of equalization, and been rejected by them." The township board having acted adversely on the assessment of the defendant's property in the township of his residence and principal place of business, there was no violation of the spirit of the law in then presenting his grievance to the county board without other specific application. The law, itself, was mandatory as to the action to be had in this instance. It expressly gives authority to the county board to correct errors where the township board has failed in supplying an act of omission or neglect. It necessarily follows that, where the grievance is an act committed by the township board to the detriment of a tax-payer, or in contravention of his rights, within the scope of their duties as a board of equalization the power and duty rests upon the county board.

The jurisdiction of the county board to correct the grievance, in this instance, was original and was according to law, and such complaint as the board took notice of, whether oral or written, was sufficient for the board "to correct the same."

The present case is not regarded within the purview of the decision cited, of the *State v. Dodge County*, 20 Neb., 600, where the complaint was made that another had been assessed too low, and where a money grievance was pending, to be considered, after notice to the party, in the form of a controversy as to valuation.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.